UNITED STATES of America

v.

Edward Jerome HODGE, Ted Willmer Roberts.

No. CR. 3–81–36.

United States District Court, E. D. Tennessee, N. D.

July 30, 1981.

Jimmie Baxter, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Gordon Ball, Newport, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendants Edward Jerome Hodge and Ted Willmer Roberts were indicted by a grand jury on July 16, 1981, on two counts of unlawful possession of firearms. Both defendants have filed motions to suppress certain statements made to authorities, and defendant Roberts has moved to suppress the weapons found in his car during an allegedly unlawful search. An evidentiary hearing was held on July 28, 1981, at the conclusion of which the Court announced its intention to overrule the motions. By this memorandum, we shall set forth our reasons for doing so.

The facts are not in substantial dispute. Agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) had been conducting an investigation of these defendants for some time. A paid informant, one Eddie Houston, had informed ATF agent Michael Maurer that on July 3, 1981, the defendants would have some machine guns for him to purchase. Acting on this information, ATF caused Houston's person to be wired with a small radio transmitter and recording device and told him to meet with the defendants as planned on July 3. The men met in defendant Roberts' car at Giles Grill in Monroe County. Meanwhile, Agent Maurer rode over the area in a light aircraft equipped with a receiver. Maurer testified that he was able to maintain visual contact with Roberts' vehicle and could hear what was being said in Houston's presence.

At approximately 3:45 p. m., Maurer heard one of the defendants, in the car at the time, say, "I didn't know exactly what you wanted. I brought Reising and M–2 machine guns." Maurer testified that, though he did not believe the weapons were in the passenger compartment of the vehicle because the conversation did not indicate that they were inspecting any weapons, the men clearly indicated that they had the weapons with them. Maurer testified that he transmitted this information to agents in the area, and then was forced to return to the airport because of inclement weather. Shortly after he landed, he discovered by radio that the defendants had been arrested and that weapons had been found in the trunk of Roberts' vehicle.

Following their arrest, the defendants were taken to Knoxville to appear before the federal magistrate. However, the magistrate could not be located, and at about 5:00 p. m., the defendants were released and told to return the following Monday for bond to be set. When they returned to Knoxville on Monday they were told that they were no longer under arrest and were released. Subsequently, on July 16, the defendants were indicted by the Grand Jury sitting at Greeneville, Tennessee on charges arising out of the July 3 arrest.

■ Defendants raise several objections based on these facts. First, they say that they made several statements to officers following their arrest on July 3. However, there was no evidence presented at the hearing concerning these statements or the circumstances under which they were made. Accordingly, we decline to decide any issues relating to these statements.

■ Secondly, they claim that the indictment should be dismissed because they were not brought "without unnecessary delay" before a neutral and detached magistrate as required by Fed.R.Crim.P. 5(a) and *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). *Mallory* is clearly distinguishable from the case at bar as it involved a defendant who was held under arrest and subject to continual and intense interrogation for a period of at least eight hours before any attempt was made to contact a magistrate, 354 U.S. 450–451, 77 S.Ct. 1357–1358. He was not told of his rights to

**656**

counsel or a preliminary examination as required by Fed.R.Crim.P. 5(b).

In contrast, defendants Hodge and Roberts were held on July 3 for only about an hour and a quarter, during much of which time they were being driven to Knoxville. There was no evidence that they were interrogated or otherwise harassed. Officials made an attempt as soon as reasonably possible to contact the United States Magistrate, and failing that they released the defendants with instructions to report back two days later. Even conceding that the defendants were under some technical arrest over the weekend, we cannot say on the facts before us that the delay in securing a magistrate was even remotely "of a nature to give opportunity for the extraction of a confession." 354 U.S. at 455, 77 S.Ct. at 1360. Further, we are aware of no rule prohibiting release of a suspect pending presentment of his case to the Grand Jury.

■ Finally, defendant Roberts seeks to suppress the weapons found in the trunk of his car[1] on the ground that the search violated his Fourth Amendment rights. Specifically, he argues that since he and his co-defendant had been arrested and were being held at gun point outside the car, and since it was clear that neither they nor the car were going anywhere, the automobile exception to the warrant requirement was inapplicable and authorities should have secured a search warrant prior to the search of the trunk.

We do not agree. We believe that the authorities had ample probable cause to search the defendant's vehicle based on the conversations overheard by Agent Maurer. We do not believe that the facts of this case are distinguishable in a constitutional sense from those in *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), in which the Supreme Court upheld as reasonable a warrantless search of a car at the police station following the arrest of its occupants. In the case before us, the object of the search was a cache of highly danger-

ous weapons; the vehicle, though concededly located in a parking lot at the time of the search, had easy access to the highway; and the authorities did not have sufficient warning of the search to first obtain a warrant. *Cf. Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (vehicle had been impounded, police had ample time to obtain a warrant, and facts presented no danger that vehicle or evidence would disappear.) We hold that the search in this case was reasonable.

Roberts also argues that since the weapons were wrapped in blankets, the search falls within the rule recently announced by the Supreme Court in *Robbins v. California*, —— U.S. ——, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). In *Robbins,* as well as in *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) and *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), the containers held to be protected were clearly sealed and "reasonably manifested an expectation that the contents would remain free from public examination." —— U.S. at ——, 101 S.Ct. at 2846. We cannot say that a mere blanket constitutes the kind of sealed container which gives rise to an inference of a legitimate expectation of privacy. The *Robbins* rule is simply inapplicable to the facts of this case.

For the foregoing reasons, it is ORDERED that the defendants' motions to dismiss the presentment and to suppress be, and the same hereby are, denied.

Order accordingly.

---

1. Defendant Hodge conceded during the hearing that he had no standing to assert the Fourth Amendment claim as the vehicle did not belong to him.